UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES SHANNON AUSTIN,

     Plaintiff,

v.

MDOC OFFICERS, *et al.*,

     Defendants.

Case No. 24-10314
Honorable Laurie J. Michelson

---

## OPINION AND ORDER SUMMARILY DISMISSING COMPLAINT [1]

James Shannon Austin filed a *pro se* prisoner complaint under 42 U.S.C. § 1983. (ECF No. 1.) Austin brings claims focused on his medical care, top bunk placement, unwarranted disciplinary actions, stolen property, food and nutrition issues, corruption, and retaliation while he was confined at multiple prisons in 2014, 2018, 2019, and 2021 to 2023. (*Id.* at PageID.5.) Austin names the "[Michigan Department of Corrections] Officers and Staff," "MDOC Food Service," "MDOC Healthcare Provider," and "MDOC Property Room and Officers" at the Macomb Correctional Facility as the defendants in this action. (*Id.* at PageID.2–3.) In the body of the complaint, he also references a Nurse Boyd and "Parnall" (which may be the prison) as possible defendants. (*Id.* at PageID.7.) Austin sues Defendants in their individual and official capacities, (*id.* at PageID.2–3,) and

1

seeks monetary damages (*id*. at PageID.8). The Court has granted Austin leave to proceed without prepayment of the filing fee for this action. (*See* ECF No. 4.)

Having reviewed Austin's complaint, the Court dismisses it for failure to state a claim upon which relief may be granted.

## I.

When a Court grants an application under 28 U.S.C. § 1915, it has an additional responsibility: screen the complaint and decide whether it "is frivolous or malicious" or "fails to state a claim on which relief may be granted." *See* 28 U.S.C. § 1915(e)(2)(B); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997). And as part of its preliminary screening, the Court must also dismiss any defendants who are immune from suit for monetary damages. *See* 28 U.S.C. § 1915(e)(2)(B); *see also id*. § 1915A(b); *McGore*, 114 F.3d at 608.

In deciding whether a complaint states a claim upon which relief may be granted, the Court must determine whether it "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Heinrich v. Waiting Angels Adoption Servs., Inc.*, 668 F.3d 393, 403 (6th Cir. 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Detailed factual allegations are not required to survive a motion to dismiss, *HDC, LLC v. City of Ann Arbor*, 675 F.3d 608, 614 (6th Cir. 2012), but they must "raise a right to relief above the

speculative level," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). What is plausible is "a context-specific task" requiring this Court "to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

And although a *pro se* litigant's complaint is to be construed liberally, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), that leniency is "not boundless," *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004). The "basic pleading requirements 'apply to self-represented and counseled plaintiffs alike.'" *Williams v. Hall*, No. 21-5540, 2022 WL 2966395, at *2 (6th Cir. July 27, 2022) (quoting *Harnage v. Lightner*, 916 F.3d 138, 141 (2d Cir. 2019)). In other words, pro se complaints "still must plead facts sufficient to show a redressable legal wrong has been committed." *Baker v. Salvation Army*, No. 09-11454, 2011 WL 1233200, at *3 (E.D. Mich. 2011)*; see also Adams v. Michigan*, No. 22-1630, 2023 U.S. App. LEXIS 2585, at *2 (6th Cir. Feb. 1, 2023) ("Although a pro se litigant is entitled to liberal construction of his pleadings, he must allege more than 'conclusory allegations or legal conclusions masquerading as factual conclusions' with respect to 'all the material elements to sustain a recovery under some viable legal theory.'").

To state a claim under § 1983, a plaintiff must allege that (1) he or she was deprived of a right, privilege, or immunity secured by the federal Constitution or

laws of the United States; and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-157 (1978); *Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009).

## II.

Austin's complaint is subject to dismissal for several reasons.

First, MDOC and its departments are not "persons" subject to suit under § 1983. *See Anderson v. Morgan Cnty. Corr. Complex*, No. 15-6344, 2016 WL 9402910, *1 (6th Cir. Sept. 21, 2016) (ruling that state prison and its "medical staff" are not "persons" subject to suit under § 1983); *Harrison v. Michigan*, 722 F.3d 768, 771 (6th Cir. 2013) (discussing case law establishing that government departments and agencies are not persons or legal entities subject to suit under § 1983).

Second, the Eleventh Amendment bars suits against states, and their subdivisions, *Hans v. Louisiana*, 134 U.S. 1, 15 (1890), unless the state has expressly consented to being sued, thus waiving its sovereign immunity, *see, e.g.*, *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99–100 (1984), or Congress has properly abrogated state sovereign immunity, *see, e.g.*, *Fitzpatrick v. Bitker*, 427 U.S. 445, 451–52 (1976). Here, "[t]he state of Michigan . . . has not consented to be sued in civil rights actions in the federal courts." *Johnson v.*

*Unknown Dellatifa*, 357 F.3d 539, 545 (6th Cir. 2004). And Congress did not "overturn the constitutionally guaranteed immunity of the several States" with the passage of § 1983. *Quern v. Jordan*, 440 U.S. 332, 342 (1979). So Austin's § 1983 claims for money damages against MDOC and its departments are barred by the Eleventh Amendment.

Additionally, suits brought against state-government officials in their official capacities are treated as actions against the state itself. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) ("[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself." (citations omitted)); *Hafer v. Melo*, 502 U.S. 21, 25 (1991). Thus, Austin's § 1983 claims for monetary damages against MDOC staff in their official capacities are also barred by the Eleventh Amendment.

While the Eleventh Amendment does not bar suits against state officials sued in their individual or personal capacities, Austin has not met the pleading requirements to state such a claim as to any specific defendant here.

The Sixth Circuit has held, "in the context of a civil rights claim, that conclusory allegations of unconstitutional conduct without specific factual allegations fail to state a claim under section 1983. 'Some factual basis for such

claims must be set forth in the pleadings.'" *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 726–27 (6th Cir. 1996) (internal citation omitted). Here, Austin's complaint states nothing more than the barest of conclusory allegations of unspecified poor medical care and treatment, retaliation, and lack of access to Kosher food. *Id.* These allegations are insufficient to state a cognizable constitutional claim. *See Coker v. Summit County Sheriff's Dep't*, 90 F. App'x. 782, 787 (6th Cir. 2003).

Similarly, Austin has not pled what any individual defendant did to violate his constitutional rights. *See Asbury v. Bisig*, 70 F. App'x 247 (6th Cir. 2003) (affirming in forma pauperis screening dismissal of § 1983 complaint for failing to identify defendants or explain their roles and for failing to link the statutory violations to any factual allegations). Austin names "[Michigan Department of Corrections] Officers and Staff," "MDOC Food Service," "MDOC Healthcare Provider," and "MDOC Property Room and Officers" as Defendants but does not clearly identify or allege specific unconstitutional conduct that is attributable to any official.

For example, to the extent he is alleging claims of medical indifference, he does not tie any defendant to any specific inadequate care he received. Similarly, while Austin also claims he was placed in a top bunk and that caused him to fall,

he does not identify any officer that was involved in that decision or why or how it may have been impermissible. So too for his conclusory claims about lack of Kosher food, retaliation, stolen property, and small portion meals. Yet "a civil rights plaintiff must plead what each Government-official defendant, through the official's own individual actions, did to violate the Constitution." *Iqbal*, 557 U.S. at 676; *see also Gardner v. Evans*, 920 F.3d 1038, 1051 (6th Cir. 2019) ("A plaintiff must therefore show how each defendant directly participated in the alleged misconduct, at least by encouraging, implicitly authorizing, approving or knowingly acquiescing in the misconduct, if not carrying it out himself." (internal quotation marks omitted)). Austin fails to attribute any alleged unconstitutional conduct to any of the named Defendants.

In sum, "[m]erely listing names in the caption of the complaint and alleging constitutional violations in the body of the complaint is not enough to sustain recovery under § 1983." *Gilmore v. Corrections Corporation of America*, 92 F. App'x 188, 190 (6th Cir. 2004); *see also  Powell v. Washington*, No. 22-12091, 2023 U.S. Dist. LEXIS 99185, at *3–5 (E.D. Mich. June 7, 2023). Thus, Austin's claims will be dismissed.[1]

---

[1] The Court also notes that the 2024 complaint references events that allegedly occurred in 2014, 2018, 2019, and 2021. While the Court does need to address the issue to dismiss the complaint, many of those claims are likely precluded by the three-

## III.

For the reasons stated, the Court finds that Austin fails to state a claim upon which relief may be granted against all Defendants. Accordingly, the Court DISMISSES Austin's complaint WITHOUT PREJUDICE. The Court also concludes that an appeal from this decision cannot be taken in good faith. *See* 28 U.S.C. 1915(a)(3); *Coppedge v. United States,* 369 U.S. 438, 445 (1962).

IT IS SO ORDERED.

Dated: May 10, 2024

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE

---

year statute of limitations applicable to § 1983 actions brought in federal courts in Michigan. *See Wilson v. Garcia*, 471 U.S. 261, 276 (1985) (directing federal courts to apply the most analogous state personal injury statute of limitations to § 1983 claims); *Carroll v. Wilkerson*, 782 F.2d 44, 45 (6th Cir. 1986) (Michigan's three-year statute of limitations applies to § 1983 claims arising in Michigan).